Application for Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
## Western District of Washington

**In the Matter of the Search of:**

Miller, Junior W.

Case No. MJ20-5108

## APPLICATION FOR A SEARCH WARRANT FOR BLOOD SAMPLE

I, Vitaliy A. Stepanyuk, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that a sample of blood consisting of one of more tubes or vials should be taken from the following person:

Miller, Junior W., DOB [redacted] 1996

located in the Western District of Washington and that this blood sample is evidence of the following crime or crimes.

- ☒ Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218
- ☐ Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218
- ☐ Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13
- ☐ Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13
- ☐ Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13
- ☐ _____

This application is based on the facts set forth in the attached affidavit which is incorporated herein as if fully set forth.

Pursuant to Fed. R. Crim. P. 4.1 & 41(d)(3), this warrant is presented:

☒ By reliable electronic means.    ☐ Telephonically (and recorded).

_____
Applicant's Signature
Vitaliy A. Stepanyuk / SGT

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on this 9th day of May, 2020.

_____
THE HONORABLE MARY ALICE THEILER
UNITED STATES MAGISTRATE JUDGE

STATE OF WASHINGTON    )
                       )
COUNTY OF **PIERCE**       )

### AFFIDAVIT OF VITALIY STEPANYUK

I, Vitaliy A. Stepanyuk, a Sergeant with Joint Base Lewis-McChord (JBLM), JBLM, Washington, having been duly sworn, state as follows:

### AFFIANT BACKGROUND

1. I have served as a law enforcement officer for the past five years. My training and experience relevant to the investigation discussed below includes the following:

- ☐ Basic Training at the Federal Law Enforcement Training Center
- ☒ Basic Law Enforcement Training at the Department of the Army Military Police Academy
- ☒ Standardized Field Sobriety Testing
- ☒ Advised Roadside Impaired Driving Enforcement Training

I am SGT Vitaliy A. Stepanyuk badge #406, currently assigned to the Traffic Management & Collision Investigation section. I have over 5 years of training and experience detecting, investigating, and arresting people for driving under the influence of alcohol and / or drugs. My past training includes instruction in the standardized field sobriety tests in 2016 while attending the Schofield Barracks Police Academy. I received initial training on the Intoxilyzer 8000 in 2017. In September of 2017, I also completed the Northwest University Traffic Crash Investigations course. In October of 2019, I completed a standardized field sobriety test refresher course while completing the Washington State Field Sobriety Tests and DRAEGER breath-testing course. In November of 2019, I completed a standardized field sobriety test refresher course while completing the Advanced Roadside Impaired Driving Enforcement (A.R.I.D.E.) class. I am currently certified as an operator for the breath-testing instrument in the State of Washington. I have been a traffic collision investigator and DUI enforcement Officer

AFFIDAVIT OF VITALIY STEPANYUK - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with the Joint Base Lewis-McChord Police Department since 2019. I am also trained to recognize the signs and evidence of an alcohol and / or drug related collision. Through my past training and experience, I have learned to recognize the signs of alcohol and / or drug impairment in people and to determine whether a person's ability to drive a motor vehicle safely is impaired. I also know from my past training and experience that most drugs once ingested including alcohol, will be detectable in a person's blood. I have approximately nine DUI arrests and approximately 20 DUI assists throughout my career in law enforcement.

2. The information presented in this affidavit is:

☒ Based on my personal observations and interviews that I have conducted.

☒ Based on the personal observations and interviews conducted by Nathan A. Blankenship, who has been a Military Police Officer at Camp Casey, Korea and JBLM for 2 years and 8 months. I have learned that this individual has received the following relevant training:

- Basic Law Enforcement Training at the Department of the Army (11 September 2017)

- Drug Suppression Team (DST) training at Camp Humphreys (16 November 2018)

- JBLM Military Police "Dragon Fighter" Academy (05 October 2019)

Military Police Academy

## INTRODUCTION AND PURPOSE OF THE AFFIDAVIT

3. The purpose of this affidavit is to seek a search warrant to authorize me or other law enforcement officers to direct a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in Chapter 18.88A of the Revised Code of Washington (RCW), a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter

18.135 of the RCW, or any technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from Miller, Junior W. (hereafter "the Subject"). This warrant is requested for the purpose of gathering evidence of the following crime(s):

- ☒ Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218
- ☐ Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218
- ☐ Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13
- ☐ Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13
- ☐ Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13
- ☐ _____

4. I am seeking to present this application for a search warrant by electronic means because the natural metabolization of alcohol or drugs in the bloodstream may result in the loss of this evidence in the time it would take to present a search warrant application in a more traditional fashion.

## SUMMARY OF PROBABLE CAUSE

5. As a result of my duties I am familiar with the jurisdictional boundaries of Joint Base Lewis-McChord (JBLM), Washington. The incident described below occurred within these jurisdictional boundaries, an area within the special maritime and territorial jurisdiction of the United States as defined in 18 U.S.C. § 7.

6. The initial contact with the Subject occurred on 09 May 2020 at approximately 14:57 at Santa Fe Ave adj. Saint Paul Ave. Military Police (MP) Blankenship was dispatched to the above location for a driver operating a blue Honda CRV, driving recklessly and speeding. Upon arrival, I made contact with the reporting party (SGT Hernandez) who pointed to a blue 2004 Honda CRV WA/BTL6533, which MP Blankenship observed driving in the street. MP Blankenship then waived down the above vehicle to speak with the driver. The vehicle pulled over to the side of the road and

AFFIDAVIT OF VITALIY STEPANYUK - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

MP Blankenship approached the driver and identified him by his Common Access Card (CAC) as the Subject. The Subject did not have a valid driver's license because it was suspended out of Tennessee.

7. Based on my training and experience, I believe the Subject may be under the influence of intoxicants or drugs for the following reasons: During the contact, MP Blankenship instantly noticed a faint odor of an alcoholic beverage emitting from the vehicle and/or the Subject. When asked where he was coming from the Subject stated that he was coming from the beach and was trying to locate ear pods that had been lost earlier. MP Blankenship observed the Subject with repetitive speech, a flushed face, blood shot and droopy eyes. MP Blankenship asked the Subject to turn off his vehicle and hand him the keys and the Subject handed MP Blankenship his phone instead. MP Blankenship then instructed the Subject to step out of the vehicle. While the Subject was exiting the vehicle, he was unable to balance on his own and utilized his door, leaving it open. MP Blankenship asked the Subject if he would be willing to conduct Field Sobriety Tests (FSTs) and he said yes. MP Blankenship took the Subject to a safe location to conduct FSTs. The location was clear of debris and leveled. There was no reason why the Subject should not have been able to walk in a straight line or balance on one leg due to the location. MP Blankenship instructed the Subject on how to perform the Walk and Turn from his FST card. During the first 9 steps, the Subject missed heel to toe on step 4, stepped off the line on steps 4 and 9, and took a total of 10 steps instead of 9 like he was instructed to do. During the turn around, the Subject hesitated (stopping) before turning around to continue even though he was instructed not to stop until he had completed the entire test. On the second 9 steps, the Subject stepped off the line on steps 2 and 3, and took 11 steps instead of 9. MP Blankenship instructed the Subject on how to perform the One Leg Stand. During the One Leg Stand test, the Subject stood on his left leg while raising his right. The Subject swayed while balancing and utilized his arms for balance (moving them further than 6 inches apart from his body. Additionally, the Subject did not keep his foot parallel to the surface nor approximately 6 inches off the ground. Due to the

1  totality of the circumstances, MP Blankenship concluded that the Subject was under the
2  influence of alcohol and/or drugs. MP Blankenship apprehended the Subject for DUI and
3  transported him to the JBLM Police Station for further processing. The Subject willingly
4  submitted to a PBT Alcotest which resulted with a BAC level of .179. MP Blankenship
5  then escorted the Subject to the BAC room and read him his constitutional rights from the
6  DUI Arrest Report, which the Subject understood and signed stating that he waived his
7  rights. The Subject did not want to speak to an attorney and was read the Washington
8  State implied consent verbatim from the DUI Arrest Report. The Subject stated that he
9  was not willing to provide a breath sample for the Draegor Alcotest machine and did not
10 want to voluntarily submit to a blood draw.

   8.  The Subject:

   ☒ Has refused to take a breath Alcohol test on an instrument approved by the State Toxicologist or a federal agency for such breath testing.

   ☐ Is being treated in a hospital, clinic, doctor's office, emergency medical vehicle, ambulance, or other similar facility, or is at a location that lacks an instrument approved by the State Toxicologist or a federal agency for performing such breath testing, and has refused to submit to a blood test.

   ☐ Is incapable due to physical injury, physical incapacity, or other physical limitation of submitting to a breath alcohol test, and the defendant has refused to submit to a blood test.

   ☐ Has refused to submit to a blood test at the request of the undersigned.

   ☐ Was not offered an opportunity to take a breath alcohol test on an instrument approved by the State Toxicologist or a federal agency for such breath testing because:

       ☐ The available instrument is currently out of order

       ☐ The individual does not speak English and the implied consent warnings are not available in a language that the defendant understands

       ☐ _____

   ☐ Submitted to a breath test on an instrument approved by the State Toxicologist or a federal agency for such breath testing but the breath

AFFIDAVIT OF VITALIY STEPANYUK - 5

| | |
|---|---|
| 1 | alcohol concentration reading of xx **BAC LEVEL** is not consistent with the defendant's level of impairment suggesting that the defendant is under the influence of a drug. |
| 2 | |
| 3 | |

9. A sample of blood extracted from the Subject if taken within a reasonable period of time after he/she last operated, or was in physical control of, a motor vehicle, may be tested to determine his/her current blood alcohol level and to detect the presence of any drugs that may have impaired his/her ability to drive. This search warrant is being requested within **4.5** hours after the Subject ceased driving or was found in physical control of a motor vehicle.

//
//
//

## CONCLUSION

10. For the reasons stated above, I request authority to direct a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in chapter 18.88A of the RCW, a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter 18.135 of the RCW, or a technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from Miller, Junior W., DOB ▮▮▮▮, 1996.

11. This application for a warrant is being presented electronically pursuant to Fed. R. Crim P. 4.1 & 41(d)(3).

I certify (or declare) under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 09 day of May, 2020.

SGT Vitaliy A. Stepanyuk, Affiant
Collision Investigator, JBLM Police

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on 09 day of May, 2020.

THE HONORABLE MARY ALICE THEILER
UNITED STATES MAGISTRATE JUDGE